UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ELIJAH RYAN HAMMOND, | ) | |
| | ) | |
|     *Petitioner* | ) | |
| | ) | |
| v. | ) | 1:11-cv-131 |
| | ) | *Chief Judge Curtis L. Collier* |
| JENNIE L. JOBE, WARDEN, | ) | |
| | ) | |
|     *Respondent* | ) | |

## **MEMORANDUM AND ORDER**

Petitioner Elijah Ryan Hammond ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 1). Petitioner is a prisoner confined at DeBerry Special Needs Facility in Nashville, Tennessee. Petitioner is attacking his 2003 aggravated child abuse by use of a deadly weapon (a paddle) and aggravated assault convictions and twelve year sentence (at 100%) from the Criminal Court of Bradley County, in Cleveland, Tennessee. The Court previously reserved ruling on Respondent's motion to dismiss pending an evidentiary hearing to be held on September 19, 2012, on Petitioner's claim that due to his mental health condition he was incapable of filing a timely habeas petition on his own, and, therefore, is entitled to equitable tolling (Court File Nos. 11 & 12). Petitioner was appointed counsel and this matter is presently before the Court on counsel's motion requesting authorization to hire Keith Caruso, M.D., forensic psychiatrist, at the rate of $250.00 per hour, for a total of $4,000.00, to review medical and prison records concerning Petitioner's mental illness and offer evidence to the Court (Court File 8).

Although Petitioner does not cite Title 18 U.S.C. § 3006A(e), the Court presumes that is the section under which he is proceeding. Title 18 U.S.C. § 3006A provides for the payment of expert services if the services are necessary and required. "The decision to grant or deny a motion for

expert services pursuant to 18 U.S.C. § 3006A(e) is committed to the sound discretion of the district court and may only be overturned upon a showing of abuse of discretion." *United States v. Rinchack*, 820 F.2d 1557, 1563 (11th Cir. 1987). Furthermore, although "the appointment of an expert pursuant to some other statutory section cannot be a substitute for a defense expert appointed pursuant to section 3006A, a court may take the result of prior competency determinations into account in determining whether a Section 3006A(e) appointment is necessary." *Id.* at 1564 (internal punctuation and citations omitted). "The expert assistance guaranteed in Section 3006A(e) can come from a variety of sources, such as other court-appointed psychiatrists whose opinions are favorable to the defense, privately-retained psychiatrists, or any other qualified psychiatrist who has examined the defendant in a relevant context." *Id.* Although the Court's research did not reveal a case where the Sixth Circuit or another court in this district has addressed this specific issue, the Court is guided by the Fifth Circuit's analysis in *Hulsey v. Thaler,* 421 Fed. Appx. 386 (5th Cir. 2011), *available at* 2011 WL 1304912, concluding the district court did not abuse its discretion when it refused to appoint a mental health expert to review Hulsey's medical records from State mental health providers. The Fifth Circuit found the district court was "competent to evaluate" petitioner's expert material which included the records of various mental health providers who treated Hulsey while he was in the State's custody. These records were "written in plain English" and were the firsthand, trained observations of experts who treated and worked with Hulsey. *Id.* at 389.

While incarcerated, prior to attempting to pursue his post-conviction remedies, Petitioner was diagnosed as suffering from Schizophrenia, Paranoid Type (Court File No. 1-1, p. 20). The record reflects that on March 17, 2005, a hearing was held on the Tennessee Department of Correction's

2

("TDOC") motion requesting a conservator be appointed for Petitioner, who they claimed was in need of protection and assistance by reason of the medical condition from which he suffered and which TDOC claimed rendered him disabled as defined in Tenn. Code Ann. Section 34-1-101(7) (Court File No. 1-1, p. 13). It appears Mr. Evan Harris was appointed Guardian ad Litem and Attorney John Clemmons was appointed Petitioner's conservator to make healthcare decisions. In addition, Dr. William Mays, Petitioner's treating physician, prepared an evaluation indicating Petitioner was not

capable of making rational decisions regarding his mental and medical treatment (Court File No. 1-1, p. 13).

There is nothing in the motion requesting expert services explaining why Dr. Mays, Mr Harris, and Attorney Clemmons are unable to provide the information counsel proposes to hire Dr. Caruso to provide i.e., how Petitioner's mental illness affected his ability to diligently pursue his petition for Habeas Corpus. These three individuals presumably had personal contact with Petitioner during the relevant time periods and would be in a position to offer evidence to support Petitioner's contention. Instead, without any explanation as to why, Petitioner seeks to hire Dr. Caruso, someone who has not had and presumably does not plan to have any personal contact with Petitioner. Rather, Petitioner proposes to hire Dr. Caruso to review medical and other prison records concerning Petitioner's mental illness. Petitioner, however, has failed to show the requested service is necessary and required. Specifically, Petitioner fails to explain why Dr. Mays, Petitioner's treating physician and the one who concluded Petitioner was not capable of making rational decisions regarding his mental and medical treatment, is incapable or unable to review medical and other prison records concerning the mental illness of Petitioner and offer evidence in the hearing. The focus of the

inquiry should be Petitioner's capability at the time the petition should have been filed. Such evidence can be supplied by those with personal knowledge of Petitioner and exposure to him at that time. It is of less help to have an expert with no knowledge of Petitioner or exposure to him during the relevant time looking back and offering an opinion.

Section 3006A requires that the Court find the services are necessary and required before authorizing counsel to obtain the services. Here, Petitioner does not state he disagrees with Dr. Mays' findings and conclusions, or argue the doctor is biased against Petitioner, or explain why it is necessary to hire another expert. Rather Petitioner simply requests approval of $4,000.00 (16 hours at $250.00 per hour) to read and review records and provide evidence. In addition to failing to explain why Dr. Caruso's expert services are required, the motion fails to provide details justifying the expenditure of $4,000.00. Specifically, Petitioner fails to explain the size of the record or give any explanation of how much time Dr. Caruso proposes to spend on each task.

Nevertheless, although Petitioner undoubtedly needs to present expert evidence to prove his claim that, due to his mental deficiencies, he is entitled to equitable tolling, he has failed to explain why his treating mental health providers are unable to provide the requested service and why the appointment of an expert is necessary. The record before the Court does not contain any information demonstrating the requested services are necessary and required as there is nothing indicating the Court is unable to evaluate the medical records evidencing Petitioner's mental health treatment during the relevant time period or Petitioner's treating prison physician and mental health providers are unable to provide the service.

In sum, there is nothing in the record from which the Court is able to conclude that additional psychiatric services are necessary and required because it appears Petitioner has sufficient expert assistance from his treating physician(s) and mental health providers at DeBerry Special Needs Facility to present his competency claim. Accordingly, Petitioner's motion for expert services is

4

**DENIED** at this time (Court File No. 18).

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**